IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANASTACIO GUERRERO,<br><br>  Petitioner,<br><br> v.<br><br>GARY SANDOR, Acting Warden,<br><br>  Respondent. | No. C 09-01305 SBA (PR)<br><br>**ORDER GRANTING IN FORMA PAUPERIS STATUS, DIRECTING RESPONDENT TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket no. 9) |

  Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also seeks leave to proceed in forma pauperis. It does not appear from the face of the petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

  1. Petitioner's application to proceed in forma pauperis is GRANTED.

  2. The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.[1] The Clerk shall also serve a copy of this Order on Petitioner at his current address.

  3. Respondent shall file with this Court and serve upon Petitioner, within **one-hundred twenty (120) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

  4. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

---

  [1] Petitioner named Debra H. Dexter, the former warden of Ironwood State Prison, as the Respondent in this action. Acting Warden Gary Sandor has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

**United States District Court**
For the Northern District of California

1       5.     Respondent may file a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

      6.     It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

      7.     Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **ten (10) days** prior to the deadline sought to be extended.

      8.     Petitioner's motion for appointment of counsel is DENIED without prejudice. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Petitioner clearly presented his claims for relief in the petition and an order to show cause is issuing. Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum). The Court will appoint counsel on its own motion if an evidentiary hearing is later required. See Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

      9.     The Clerk of the Court is directed to substitute Acting Warden Gary Sandor as Respondent in this action.

      10.     This Order terminates Docket no. 9.

IT IS SO ORDERED.

Dated: 8/27/09

                                                 SAUNDRA BROWN ARMSTRONG
                                                 UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3
4
5  ANASTACIO GUERRERO,

Case Number: CV09-01305 SBA

6                  Plaintiff,

**CERTIFICATE OF SERVICE**

7      v.

8  DEBRA H. DEXTER et al,

9                  Defendant.
                                              /
10

11  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.
12
13  That on August 27, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located
14  in the Clerk's office.

15
16
    Anastacio Guerrero CDC F-51624
17  Ironwood State Prison
    P O Box 2199
18  Blythe, CA 92226

19  Dated: August 27, 2009

                                          Richard W. Wieking, Clerk
20                                        By: LISA R CLARK, Deputy Clerk

21
22
23
24
25
26
27
28